UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

OMAR RODRIGUEZ CRUZ,

Petitioner,

v. Case No. 3:26-cv-944-MMH-PDB

WARDEN, NORTH FLORIDA DETENTION FACILITY and U.S. ATTORNEY GENERAL,

Respondents.

**ORDER**

Petitioner Omar Rodriguez Cruz, an immigration detainee, initiated this action by filing a pro se Petition for Writ of Habeas Corpus (Doc. 1) on April 20, 2026. Rodriguez Cruz, a citizen of Cuba, was paroled into the United States on June 15, 2024. Doc. 12-1 at 3. On January 1, 2026, United States Immigration and Customs Enforcement detained Rodriguez Cruz following a traffic stop. Id. at 2. An immigration judge ordered Rodriguez Cruz removed to Cuba on June 23, 2026; he is pursuing an appeal.[1] Id. at 9–16. The crux of Rodriguez Cruz's Petition is that he is not subject to mandatory detention

[1] Rodriguez Cruz does not yet have a final order of removal because an appeal of the order is pending. See 8 U.S.C. § 1101(a)(47)(B)(i) ("The order [of removal] . . . shall become final upon . . . a determination by the Board of Immigration Appeals affirming such order[.]").

under 8 U.S.C. § 1225(b)(2).[2] See Doc. 1 at 2. As relief, he seeks immediate release or, in the alternative, an individualized bond hearing. Id.

The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Rodriguez Cruz, who is detained at or near the border, paroled into the United States, and is re-detained over a year later, its reasoning also applies to this case. Rodriguez Cruz was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. Rodriguez Cruz's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act. Within **seven days** of

---

[2] The Federal Respondent understands the Petition to raise a claim under the Immigration and Nationality Act. See generally Doc. 12. Therefore, the Court construes the Petition to assert a claim under that statute. See United States v. Ogiekpolor, 122 F.4th 1296, 1304 (11th Cir. 2024) ("[Courts] liberally construe pro se filings.").

this Order, Respondents shall either afford Rodriguez Cruz an individualized bond hearing consistent with 8 U.S.C. § 1226(a)[3] or release him. If Respondents release Rodriguez Cruz, at least **five (5) hours** before releasing him, Respondents shall provide him with access to a telephone to arrange transportation from the detention facility.

2. Respondent Warden's Motion to Dismiss (Doc. 7) is **DENIED**. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778, *4–5 (M.D. Fla. Apr. 21, 2026).

3. Rodriguez Cruz's Motion to Notify the Court of Transfer, Request Continued Jurisdiction, and Request for Expedited Consideration (Doc. 9) is **DENIED as moot**.

[3] Rodriguez Cruz is not entitled to immediate release. See Portillo v. Gualtieri, No. 8:26-CV-1718-KKM-LSG, 2026 WL 2069943, at *2 (M.D. Fla. July 17, 2026) ("Because a bond hearing provides adequate procedure, the 'comfortable majority position' remains that a habeas petitioner is entitled only to a bond hearing, not immediate release." (quoting Molina v. Warden, Glades Cnty. Det. Ctr., No. 2:26-CV-2009-KCD-KRH, 2026 WL 1965132, at *1 (M.D. Fla. July 8, 2026))).

4. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 17th day of September, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 9/16
c:
Omar Rodriguez Cruz, #A244582990
Counsel of Record